Karen B. HOUGH, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 06–3110.

United States Court of Appeals, Federal Circuit.

Jan. 23, 2006.

Before RADER, SCHALL, and PROST, Circuit Judges.

ON MOTION

SCHALL, Circuit Judge.

*ORDER*

The court treats the letter submitted by Karen B. Hough on December 14, 2005 as a motion for reconsideration of this court's previous rejection of her petition for review as untimely.

A petition for review must be received by the court within 60 days of receipt of the Board's final order. 5 U.S.C. § 7703(b)(1). To be timely filed, the petition must be received by this court on or before the date that the petition is due. *Pinat v. Office of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed.Cir.1991) (petition is filed when received by this court; court dismissed petition received nine days late).

On December 14, 2005, this court received Hough's petition for review of the Merit Systems Protection Board's final order. The court initially rejected the petition for review as untimely. Hough moved for reconsideration, arguing that Hough personally received the Board's final order on October 15, 2005 and thus her petition was timely received by this court. However, a copy of the signed certified mail receipt shows that counsel received the Board's final order on October 12, 2005. To be timely filed, the petition must be received by this court within 60 days of the date of receipt of the Board's final order by either Hough or her counsel, whichever was earlier. *Oja v. Department of Army*, 405 F.3d 1349, 1357 (Fed.Cir.2005); *Monzo v. Dep't of Transp., Fed. Aviation Admin.*, 735 F.2d 1335, 1336 (Fed.Cir.1984). Here, the petition was received sixty-three days after counsel's receipt of the Board's final order.

Because Hough's petition for review in this court was untimely filed, we must

dismiss her petition for review.* *Monzo*, 735 F.2d at 1336 (the period for petitioning for review is statutory, mandatory, and jurisdictional); *Pinat*, 931 F.2d at 1546 (deadline for filing petition for review may not be waived).

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied and this petition for review is dismisssed as untimely.

(2) Each side shall bear its own costs.

---

\* We also note another jurisdictional deficiency. Although we generally have subject matter jurisdiction over a petition for review of a Board affirmance of an OPM disability benefit denial, our review is limited by statute. *See* 5 U.S.C. § 8347(d)(2). According to *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105

---

S.Ct. 1620, 84 L.Ed.2d 674 (1985), "the factual underpinnings of § 8347 disability determinations may not be judicially reviewed." To the extent Hough would have sought review of such determinations, we would have had no jurisdiction to review the factual issues.